☒ FILED ___ LODGED
___ RECEIVED ___ COPY

SEP 1 6 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn W. Fearn and Constance I.L. Fearn, | CIV-02-2230-PHX-SMM |
| Plaintiffs, | **ORDER** |
| vs. | |
| The United States Department of Justice; The Immigration and Naturalization Service; Immigration Inspector D.W. Vincent; and Immigration Supervisor McFadyen, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction, for lack of personal jurisdiction, for improper venue, for insufficiency of process, for insufficient service of process, for failure to state a claim, and for failure to join a party (Doc. #6). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

## BACKGROUND

On May 27, 2002, Plaintiffs Glenn Fearn ("Mr. Fearn") and Constance I.L. Fearn ("Mrs. Fearn") presented themselves at the Port-of-Entry in Lynden, Washington, for entry into the United States. Mr. Fearn was identified to the inspector as a United States citizen who also held Canadian citizenship. His wife, Mrs. Fearn, was identified as a Canadian citizen. Further investigation and questioning revealed that at one time Mrs. Fearn had held lawful permanent residence status in the United States, but had voluntarily abandoned her status on September 26,

1995. At that time, she returned to Canada, where she continued to live for more than a year. At some point prior to December 15, 2001, Mrs. Fearn attempted to enter the United States from Canada at Port Huron. She was refused entry. Mrs. Fearn again attempted to enter the United States on December 15, 2001, at Piegan, Montana, at which time she was issued an I-94 Entry Permit as a B-2 visitor. That entry permit expired on January 15, 2002. Mrs. Fearn continued to live in the United States after the expiration of the I-94 Entry Permit until she and Mr. Fearn returned to Canada.

When Plaintiffs presented themselves for inspection at Lynden, Washington, on May 27, 2002, Mrs. Fearn was refused entry due to her Canadian citizenship. Inspectors at the Port-of-Entry explained to Mr. Fearn that he could file an application for his wife to obtain lawful permanent resident status. Mr. Fearn refused, stating that he did not believe the application was necessary because his wife is a citizen of the State of Arizona.

On November 6, 2002, Plaintiffs, appearing *pro se*, filed a Complaint essentially alleging that Mrs. Fearn is a citizen of the United States by virtue of her citizenship of the State of Arizona and her marriage to Mr. Fearn. Consequently, Plaintiffs claim that the Immigration and Naturalization Service and the specifically named Defendants improperly prohibited her from entering the United States on May 27, 2002. On January 17, 2003, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction, for lack of personal jurisdiction, for improper venue, for insufficiency of process, for insufficient service of process, for failure to state a claim, and for failure to join a party. The Court will first address Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

A court must construe a pro se litigant's pleadings and papers liberally. See Haines v. Kerner, 404 U.S. 519, 529 (1972). Nevertheless, a pro se litigant is held to the same legal standard. See id., 404 U.S. at 529.

Federal courts are courts of limited jurisdiction. Federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, when a defendant brings a

| | |
|---|---|
| 1 | motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), the |
| 2 | plaintiff bears the burden of establishing jurisdiction. <u>See</u> <u>Kokkonen v. Guardian Life Ins.</u>, 511 |
| 3 | U.S. 375, 378 (1994). |
| 4 | The Court's review of the record reveals that in her sworn statement to the immigration |
| 5 | Service made in Lynden, Washington, on May 27, 2002, Mrs. Fearn acknowledged that she is |
| 6 | not a citizen of the United States but rather a citizen of Canada. (<u>See</u> Decl. of David W. |
| 7 | Vincent, Senior Inspector with the Immigration and Naturalization Service at the Port-of-Entry |
| 8 | in Lynden, Washington). Nevertheless, Plaintiffs have filed a Complaint alleging that Mrs. |
| 9 | Fearn is a citizen of the United States by virtue of her former residence in Arizona and her |
| 10 | marriage to a United States citizen. However, these are not the requirements for citizenship in |
| 11 | the United States. |
| 12 | Neither Mrs. Fearn nor Mr. Fearn present any facts which show that Mrs. Fearn qualifies |
| 13 | for citizenship or that Mrs. Fearn has ever applied for citizenship in the United States. The |
| 14 | pleadings and papers filed by Plaintiffs do not allege or illustrate any information indicating that |
| 15 | Mrs. Fearn has ever complied with the procedures necessary for applying for citizenship. Thus, |
| 16 | the Court finds that Plaintiffs have failed to exhaust their administrative remedies and that an |
| 17 | alternate forum exists for Mrs. Fearn to pursue her claim to citizenship and entry into the United |
| 18 | States. |
| 19 | In light of the foregoing, this Court presently lacks jurisdiction to review Plaintiffs' |
| 20 | claim. Accordingly, the Court grants Defendants' Motion to Dismiss for lack of subject matter |
| 21 | jurisdiction. The Court does not need to address Defendants' alternative motions to dismiss. |

**CONCLUSION**

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. #6) is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike (Doc. #8) is DENIED as moot.

DATED this _8_ day of September, 2003.

Stephen M. McNamee
Chief United States District Judge